Filed 8/12/26  P. v. Barnette CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>STYLES AKI CHRISTIAN BARNETTE,<br>    Defendant and Appellant. | C103629<br><br>(Super. Ct. No. 24CF02521) |

Appointed counsel for defendant Styles Aki Christian Barnette filed an opening brief asking this court to review the record under *People v. Wende* (1979) 25 Cal.3d 436. Finding no arguable error that would result in a disposition more favorable to Barnette, we affirm the judgment.

BACKGROUND

On May 31, 2024, a police officer responded to a report from a medical center concerning a domestic violence incident.  The victim said that Barnette, with whom she lived, had woken her up and asked for sex.  Barnette became angry and violent when she refused.  He wrenched her arm backward and then strangled her.  Barnette yelled, " 'I'm going to beat your ass!' " and " 'I'm going to break your bones!' "

The People charged Barnette with three felonies:  injuring a cohabitant after a prior conviction (Pen. Code, § 273.5, subd. (f)(1)), assault by means of force likely to produce great bodily injury (*id.*, § 245, subd. (a)(4)), and criminal threats (*id.*, § 422,

1

subd. (a)).  Following the preliminary hearing, the trial court reduced the charge for injuring a cohabitant to a misdemeanor.

In July 2024, the trial court denied Barnette's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, finding that defense counsel was properly representing Barnette and could continue to do so.  The next month, the court denied another *Marsden* motion.

Barnette pleaded no contest to the three offenses.  As part of his plea agreement, he waived his right to a jury trial on aggravating circumstances and agreed that the trial court could find aggravating circumstances based on the probation report and the preliminary hearing transcript.  The trial court sentenced Barnette to four years for assault (the upper term), eight months consecutive for criminal threats (one-third the middle term), and six months, to be served concurrently, for injuring a cohabitant.

Barnette timely appealed.  The trial court denied his request for a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Barnette was advised by counsel of his right to file a supplemental brief within 30 days of the filing of the opening brief.  Barnette has not filed a supplemental brief.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Barnette.

## DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.